### STEVENSON v. OPOZNAUER.

(Supreme Court, Appellate Term, First Department.  February 10, 1916.)

CUSTOMS AND USAGES ⬅14—EMPLOYMENT CONTRACT—SPECIFIC TERM—CUS-
TOM—EVIDENCE.

In an action by a salesman to recover under an unambiguous contract
of employment for a specific term, it was error to permit the defendant to
introduce evidence of a trade custom whereby salesmen were employed
only from year to year.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 29;
Dec. Dig. ⬅14.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William H. Stevenson against Jack Opoznauer.  From
a judgment for defendant, plaintiff appeals.  Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVE-
GAN, JJ.

Mervyn Wolff, of New York City (Benjamin Jaffe, of New York
City, of counsel), for appellant.

Goldsmith, Rosenthal, Mork & Baum, of New York City (Max Hor-
owitz, of New York City, of counsel), for respondent.

BIJUR, J.  The only question involved on this appeal is whether
defendant was properly permitted to introduce evidence of an alleged
custom of the trade to employ salesmen only from year to year, in
face of the express unambiguous contract testified to by the plaintiff
that he was employed for a specified period.  It is not necessary to
cite authorities for the well-established rule that the admission of
such evidence was, under the circumstances, error which prejudiced
the plaintiff's case.

Judgment reversed, and new trial granted, with $30 costs to appel-
lant to abide the event.  All concur.

---

(93 Misc. Rep. 573)

### KEELE v. INTERNATIONAL RY. CO.

(Supreme Court, Trial Term, Erie County.  February 5, 1916.)

STREET RAILROADS ⬅86—CARE—DEGREE OF CARE.

As a street railway company is bound only to exercise ordinary care
in the construction of its tracks, it is not liable to a traveler, injured
because the wheel of his vehicle caught in the frog of its switch, notwith-
standing a switch of a better pattern could have been obtained; the switch
in use being in general use.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 150,
173, 183–185, 187; Dec. Dig. ⬅86.]

Action by Andrew H. Keele against the International Railway Com-
pany.  On motion for directed verdict notwithstanding the verdict of
jury for plaintiff.  Verdict for plaintiff set aside, and verdict directed
for defendant.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wm. Armstrong, of New York City, and Charles W. Sickmon, of Buffalo, for plaintiff.

Norton, Penney, Spring & Moore, of Buffalo (Dana L. Spring, of Buffalo, of counsel), for defendant.

TAYLOR, J. The action is for damages on account of personal injuries claimed to have been caused by the negligence of the defendant. The plaintiff was injured because a wheel of a wagon in which he was seated was drawn into a V-shaped switch opening, thereby causing plaintiff to be thrown violently to the ground. At the close of the testimony decision was reserved on the motion of the defendant for direction of a verdict in its favor, and on this motion counsel have filed briefs.

There was no complaint in this case as to the manner of installing or operating this switch, nor as to its state of repair. The plaintiff's objections were directed solely toward the construction of the switch and the physical relations of its parts with each other, particularly when the switch was adjusted for turning cars around a curve off the main straight track. As to this the claim is that the construction was a dangerous one, in that ordinary wagon wheels would easily become wedged into the opening, and that reasonable care would have resulted in a construction just as efficient which would render travel by vehicles safe.

The jury was allowed by the court in its charge to find the defendant negligent, even though it were found to have chosen and procured this type of switch from a representative manufacturer, a type of switch not only in general use, but in practically universal use; this authority having been given to the jury because of testimony that, although switches were articles usually and almost invariably purchased by street railway companies from manufacturers thereof, it was practical and reasonable for the railway people, by furnishing special designs, to procure a type of switch which would insure a far greater degree of safety to vehicle drivers.

The disposition of this motion turns upon the correctness or incorrectness of the portion of the charge just mentioned and of the verdict based thereon. We are all familiar with the line of master and servant cases wherein the rule is laid down that, when a master furnishes implements for his servant to use in ordinary work involving no especial hazard, the master meets the full legal obligation resting upon him when he takes reasonable care to secure from reputable manufacturers implements of a standard make and in general use for the particular purpose. Does the relation existing between a street railway company and the traveling public differ from that existing between a master and his servant to any extent, such that greater care would be required of the street railway company as to a style of railway switch selected and used than that required of the master? Ordinary care is the rule in either case, and nothing beyond that.

Plaintiff's able counsel argue that one person may not wantonly or recklessly or carelessly furnish to another for his use an implement or a physical situation which is clearly dangerous and then rest in se-

curity behind a claim that the article is standard. In this counsel are undoubtedly correct. But this argument would apply to a master and servant relation, as well as to the case at bar. The rule laid down in the master and servant cases does not comprehend implements or situations the dangerous character of which might be ascertained by reasonable observation or care; but, as I say, it applies to tools, occupations, and situations which may be called ordinary—that is, those attended by no particular hazard which is readily observable.

I cannot see that any situation particularly hazardous to vehicles and readily observable as such was caused by the installation and use of such a switch as that here involved. Therefore, no negligence being claimed as to repair or operation, the above-mentioned master and servant rule applies, and I set aside the verdict of the jury as being contrary to law, and direct a verdict for defendant of no cause of action.